*P-serd*

FILED
CLERK US DISTRICT COURT

AUG 11 2006

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| VIBHU TALWAR, ET AL., | CV 05-3375 FMC (AJWx) |
| Plaintiffs, | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
| vs. | |
| CREATIVE LABS, INC., | |
| Defendant. | |

DOCKETED ON CM

AUG 11 2006

BY _____ 154

This matter is before the Court on Defendant's Motion to Dismiss (docket no. 44), filed June 28, 2006. The Court has read and considered the moving, opposition, and reply documents submitted in connection with this motion. The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for August 14, 2006, is removed form the Court's calendar. For the reasons and in the manner set forth below, the Court hereby **DENIES** Defendant's Motion to Dismiss.

/

/

/

(#54)

# I. BACKGROUND

This proposed class action litigation presents a dispute over the storage capacities of digital music or "MP3" players. The factual and procedural history is detailed in the Court's June 14, 2006 Order granting Plaintiffs' motion for leave to file a second amended complaint ("SAC").

On May 5, 2005, Plaintiffs Vibhu Talwar and Patrick Finkelstein ("Plaintiffs") filed suit on behalf of themselves and all others similarly situated, asserting claims against Defendant Creative Labs, Inc. ("Defendant") for: (1) unfair business practices in violation of California Business and Professions Code sections 17200, *et seq.*; (2) false advertising in violation of California Business and Professions Code sections 17500, *et seq.*; and (3) violation of the California Consumers Legal Remedies Act ("CLRA"), Civil Code sections 1750, *et seq.* These original claims were premised on Defendant's use of a decimal measurement–rather than a binary measurement–to inform consumers of the gigabyte ("GB") storage capacity of their MP3 players.

With their SAC, Plaintiffs added allegations and one cause of action relating to two additional types of wrongdoing, which are related to Defendant's MP3 players, "but do not involve the 'binary' v. 'metric' distinction which forms the basis of the claims asserted in the first amended complaint." (June 14, 2006 Order 4:5-13 (quoting Pls' SAC Mot. at 2:3-6).)[1]

------

[1] Citing the SAC, the Court explained:
> Plaintiffs' first three claims, those included in the Original Complaint and the FAC, relate to Defendant's representations regarding the *storage* capacity of its products. (SAC ¶¶42, 50, 61.) The SAC also includes an express warranty cause of action, which incorporates the *song* capacity allegations and alleges that "Defendant breached the express warranty because the descriptions as to the number of songs were untrue, as Defendant's products cannot hold the stated number of songs." (SAC ¶67.)

(June 14, 2006 Order 5:14-20 (emphasis in original).)

2

## II. LEGAL STANDARD

1   The present Motion to Dismiss require the Court to determine whether
2   Plaintiffs' Second Amended Complaint states claims upon which relief may be
3   granted. *See* Fed. R. Civ. P. 12(b)(6). The Court will not dismiss the claims unless
4   Plaintiffs cannot prove any set of facts in support of the claims that would entitle
5   them to relief. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir.
6   1998). The Court's inquiry focuses on the content of the Second Amended
7   Complaint and takes the allegations of material fact as true, construing them in the
8   light most favorable to the Plaintiffs. *See Western Reserve Oil & Gas Co. v. New*,
9   765 F.2d 1428, 1430 (9th Cir. 1985). However, the Court "is not required to accept
10  legal conclusions cast in the form of factual allegations if those conclusions cannot
11  be reasonably drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18
12  F.3d 752, 755 (9th Cir. 1 994). Additionally, the Court's inquiry may look beyond
13  the face of the SAC, to consider relevant matters of public record.[2] *Shaw v. Hahn*,
14  56 F.3d 1128, 1129 n.1 (9th Cir. 1995) (citing *Mack v. South Bay Beer Distribs.,*
15  *Inc.*, 798 F.2d 1279, 1282 (9th Cir.1986) to support its determination that "[i[n
16  deciding whether to dismiss a claim under Fed.R.Civ.P. 12(b)(6), a court may look
17  beyond the plaintiff's complaint to matters of public record").

---

[2]Defendant's request that the Court take judicial notice of the following documents is
granted: (1) United States Department of Commerce, National Institute of Standards and
Technology ("NIST"), Special Publication 811, 1995 edition, entitled "Guide for the Use of the
International System of Units"; and (2) United States Department of Commerce, National
Institute of Standards and Technology, Special Publication 330, 2001 edition, entitled "The
International System of Units." Fed. R. Ev. 201(b); Fed. R. Civ. P. 44(a)(1).

The Court neither referenced nor relied upon the international publication (standards of
the International Electrotechnical Commission) of which Defendant asked the Court to take
judicial notice.

3

# III. DISCUSSION

California's unfair competition law prohibits "unfair competition," which "shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.  Similarly, the CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer."  Cal. Civ. Code § 1770(a).

With the instant Motion, Defendant asks the Court to dismiss Plaintiffs' first three causes of action–those causes of action based on the storage capacity claims–because the use of decimal measurements is permitted by state and federal law, bringing Defendant's representations about the storage capacity of their MP3 player products within the "safe harbor" provision of the California unfair competition law.[3]  Defendant also argues that Plaintiffs cannot state a claim under the CLRA either because the use of decimal measurements represents a lawful practice.

Defendant's arguments necessarily fail at this stage in this litigation; it cannot demonstrate that Plaintiffs cannot prove any set of facts that would entitle them to relief on their first three causes of action.

In the seminal case on section 17200's "safe harbor" provision, the California Supreme Court explained:

_____

[3]In their brief in opposition to the present motion, Plaintiffs' casually request leave to amend their first three causes of action "to more clearly and expressly encompass the song capacity claims as well." (Pls' Opp'n at 1 n.1.)  The Court does not rule on this request.  It is procedurally improper.  Additionally, Plaintiffs filed this lawsuit on the basis of their "storage capacity" claims and they have twice been granted leave to amend their complaint.  Their interest in yet another opportunity to amend appears to be nothing more than an effort to reinvent and "shore up" their claims.

1

2

3

4

5

6

7

> By proscribing "any unlawful" business practice, "section 17200 'borrows' violations of other laws and treats them as unlawful practices" that the unfair competition law makes independently actionable. [citation.] However, the law does more than just borrow. The statutory language referring to "any unlawful, unfair or fraudulent" practice (italics added) makes clear that a practice may be deemed unfair even if not specifically proscribed by some other law. "Because Business and Professions Code section 17200 is written in the disjunctive, it establishes three varieties of unfair competition-acts or practices which are unlawful, or unfair, or fraudulent. 'In other words, a practice is prohibited as "unfair" or "deceptive" even if not "unlawful" and vice versa.' " [citation.]

8   *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20

9   Cal.4th 163, 180 (1999).

10       In *Goldman v. Standard Ins. Co.*, 341 F.3d 1023, 1036 (9th Cir. 2003), the

11   Ninth Circuit examined the case of a woman denied disability benefits.  Although

12   the insurer's conduct had not violated the Unruh Act (which violation would

13   provide the "predicate act" for the plaintiff's unfair business practices claim), the

14   plaintiff asked the court to hold the insurer liable on her Section 17200 claim

15   because the insurer's conduct–though not an *unlawful* business was still *unfair*.

16   *Goldman*, 341 F.3d at 1036.  The Court explained that Section 17200's "safe

17   harbor" exception precluded such an outcome.  However, the court went on to

18   explain that "[t]o forestall an action under the unfair competition law, another

19   provision must actually 'bar' the action or clearly permit the conduct."  *Id.*

20   (quoting *Cel-Tech Communications, Inc.*, 20 Cal.4th at 183).

21       In *Goldman*, the Ninth Circuit determined that a relevant provision in the

22   California Insurance Code provided a safe harbor for the insurer's conduct by

23   specifically permitted insurers to refuse coverage on the basis of a mental

24   impairment.  *Id.*

25       Here, Defendant contends that the existence of state and federal laws

26   permitting the use of decimal measurements renders Plaintiffs' first three causes

27

28                                          5

1  of action meritless because use of decimal measure is permitted by law,

2  effectively leaving Plaintiffs without the requisite "unlawful" business practice

3  that would render Defendant's conduct actionable.

4        However, Defendant fails to appreciate how the facts are distinguishable

5  here. First, the SAC does not complain only of Defendant's use of the decimal

6  GB measure to describe MP3 storage capacities. Rather, the SAC alleges that

7  Defendant's website contained a glossary of terms that included the binary

8  definition of a gigabyte, while Defendant "represents to consumers its product

9  storage capacity in [digital] GB's prominently on its boxes." (SAC ¶¶8, 9.)

10  Plaintiffs also add allegations that, in response to complaints from and litigation

11  by consumers in 2003, Defendant "quickly added, in very fine print, almost

12  unintelligible, to its product boxes that a GB = 1,000,000,000 bytes." (SAC

13  ¶16.)

14        Plaintiffs' "storage capacity" claims complain of conduct other than the

15  mere use of the decimal GB measure. Whether or not state and federal laws

16  permit the use of the decimal GB measure for products like Defendant's,

17  Defendant has not established that state or federal law exists that actually bars

18  Plaintiffs' claims or clearly permits Defendant's potentially confusing use of both

19  binary and decimal measures in its advertising for its products. Defendant has

20  not shown that such conduct would come within any "safe harbor." Accordingly,

21  because Defendant has not demonstrated that Plaintiffs can prove no set of facts

22  under which they could prevail on their "storage capacity" claims, the Court

23  denies Defendant's Motion to Dismiss.

24  /

25  /

26  /

28      6

## IV.  CONCLUSION

Therefore, Defendant's Motion to Dismiss(docket no. 44) is **DENIED**.

August 11, 2006

FLORENCE-MARIE COOPER, Judge
UNITED STATES DISTRICT COURT

7