JS-6

NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION - ROYBAL FEDERAL

| | |
|---|---|
| VIBHU TALWAR and PATRICK FINKELSTEIN, <br><br> Plaintiffs, <br><br> v. <br><br> CREATIVE LABS, INC., <br><br> Defendant. | Case No.: 2:05-cv-03375-FMC-AJWx <br><br> CLASS ACTION <br><br> [PROPOSED] **FINAL APPROVAL ORDER AND JUDGMENT** <br><br> The Honorable Florence-Marie Cooper |

Plaintiffs, on behalf of themselves and the Plaintiff Class, having filed a motion ("Motion") for an order finally approving the Settlement Agreement ("Agreement") entered into by the parties to this action; defendant Creative Labs, Inc. ("Creative"), having filed papers in support of that Motion; the Court having entered its Order Granting Preliminary Approval of Class Action Settlement on March 31, 2008; the Court having conducted a hearing regarding final approval of the settlement on July 7, 2008 at 10:00 a.m. at which time the Court considered the two objections presented to the Court and the parties' responses thereto, and rejected both objections on the merits; the Court being fully advised in the premises and good cause appearing therefor, the Court enters its order granting final approval of the settlement, and finds and orders as follows:

1. The Court has jurisdiction over the subject matter of this Action and all parties to this Action, including all members of the Plaintiff Class as defined in the Amended Class Certification Order and Section 4.23 of the Settlement Agreement ("Agreement") previously filed in this Action.

2. The Agreement and the settlement set forth therein are found and determined to be fair, reasonable and adequate, in the best interests of the Plaintiff Class and are hereby approved and ordered performed by all parties to the Agreement.

3. The Court has determined that the notice given to the Plaintiff Class fully and accurately informed the Plaintiff Class of all material elements of the proposed settlement and constituted the best practicable notice to all members of the Plaintiff Class and fully meets the requirements of Federal Rule of Civil Procedure 23 and all applicable constitutional requirements.

4. The Court has determined that the objections to the settlement are without merit. The Bilodeau Objection objects to the lawsuit itself, not the settlement, and is therefore irrelevant. The McCammon Objection does not question the adequacy or fairness of the settlement, but instead suggests a "better" settlement. Because whether or not the settlement should be approved is based on whether the settlement is fair and adequate, not on whether the plaintiff class got everything they desired, this objection is

without merit. *See Linney v. Cellular Alaska Partnership*, 151 F.3d 1234, 1242 (9th Cir. 1998) ("The proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved had plaintiffs prevailed at trial.").

5. The Court has determined that Creative has provided notice of this action and its settlement as required by 28 U.S.C. § 1715(b) to all the appropriate state and federal officials. The Court read and considered the objection filed by the Attorney General of the State of Texas.

6. Immediately upon entry of this Final Approval Order and Judgment, the Complaint in this Action shall be dismissed in its entirety on the merits and with prejudice. This dismissal shall be without costs to any party, except as specifically provided in the Agreement.

7. This Final Approval Order and Judgment applies to all claims or causes of action settled under the terms of the Agreement, and shall be fully binding with respect to all members of the Plaintiff Class who did not properly request exclusion. The persons who filed timely and valid requests for exclusion from the Plaintiff Class and who therefore are not bound by this Final Approval Order and Judgment are set forth in Exhibit 1 attached hereto. In the interest of fairness, the Court accepts the request for exclusion of B.J. Larson, whose request was postmarked, although not received by, the date set out in the Class Notice. Plaintiff's counsel will ensure that B.J. Larson's name is added to the final list of excluded individuals who are not bound by this Final Approval Order and Judgment.

8. This Final Approval Order and Judgment is a final, appealable judgment within the meaning and for purposes of Federal Rule of Civil Procedure 54 and 58, and is the Order provided for in Section 11.3 of the Agreement.

9. The Court adjudges that the Plaintiffs have released, and all members of the Plaintiff Class who did not properly request exclusion shall be deemed to have released, claims as set forth in the Agreement and are barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, any claims settled under the terms of the Agreement, which they ever had, or now have, to the extent provided

in the Agreement.

10. The Court adjudges that all of Creative's claims shall conclusively be deemed to be released and discharged as to the Plaintiffs, to the extent provided in the Agreement.

11. Without affecting the finality of this Final Approval Order and Judgment in any way, the Court retains jurisdiction over: (1) the implementation and enforcement of the Agreement until each and every act agreed to be performed by the parties to the Agreement shall have been performed; (2) any other action necessary to conclude this settlement and to implement the Agreement; and (3) the enforcement, construction and interpretation of the Agreement.

12. This Final Approval Order and Judgment does not constitute an expression by the Court of: (1) any opinion, position or determination as to the merit or lack of merit of any of the claims and/or defenses of the Plaintiffs, the Plaintiff Class, or Creative; or (2) the propriety of certification of the Plaintiff Class for any purpose other than this settlement.  Neither this Final Approval Order and Judgment, nor the Agreement, nor the fact of settlement, nor the settlement proceedings, nor settlement negotiations, nor any related document, shall be used as an admission of any fault or omission by Creative or be offered or received in evidence as an admission, concession, presumption, or inference against Creative for any purpose whatsoever other than in such proceedings as may be necessary to consummate or enforce the Agreement.

13. The Court finds that no just reason exists for delay in entering this Final Approval Order and Judgment.  Accordingly, the Clerk is hereby directed forthwith to enter this Final Approval Order and Judgment pursuant to Federal Rule of Civil Procedure 58.

14. Counsel for plaintiffs are awarded costs, expenses, and attorneys' fees ~~in the amount of $900,000~~ as follows:  $159,013.92 to Fleishman & Fisher and $584,840.94 to Strange & Carpenter, for a total award of $743,854.86.  This award represents fair and reasonable compensation for their work in connection with the Litigation, to be paid as set

4

FINAL APPROVAL ORDER AND JUDGMENT
CASE NO. CV 05 3375 FMC

forth in the Agreement <u>and in accordance with the Court's Order Awarding Attorneys' Fees</u>.  This award is the total obligation of Creative to pay attorneys' fees, costs and expenses of any kind to counsel for plaintiffs.

<u>15.</u>    Plaintiffs Talwar and Finkelstein are awarded incentive awards in the amount of $5,000 each, as fair and reasonable compensation for their services as class representatives, such amounts to be paid as set forth in the Agreement.  This award is the total obligation of Creative to pay awards of any kind to plaintiffs Talwar and Finkelstein.

**IT IS SO ORDERED.**

DATED:  July 29, 2008

_____
Hon. Florence-Marie Cooper
United States District Judge